**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

GARY HALLIBURTON,

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC., a Ohio corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Gary Halliburton is a natural person.

8. The Plaintiff resides in the City of Brighton, County of Adams, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant United Collection Bureau, Inc. is a Ohio corporation operating from an address at 5620 Southwyck Boulevard, Suite 206, Toledo, Ohio, 43614.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

17. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Verizon Wireless (hereinafter the "Account").

18. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with Verizon Wireless.

20. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the Account.

22. The Plaintiff requests that the Defendant cease all further communication on the Account.

23. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s).

25. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

26. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

27. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

28. The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

31. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

32. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

33. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

34. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that he could not dispute the Account with the Defendant and that he had to dispute the Account with Verizon Wireless.

35. The Defendant's representations stated in paragraph 34 were false and were false representations in connection with the collection of a debt, the Account.

36. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that it was too late to dispute the Account and that he could not dispute the Account.

37. The Defendant's representations stated in paragraph 36 were false and were false representations in connection with the collection of a debt, the Account.

38. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain the information required by 1692d(6) and/or 1692e(11).

39. On or about May 20, 2010, at or around 9:20 am Mountain Standard Time, the Defendant and/or a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

40. The voicemail message stated: "Gary Halliburton this is Eric. Call me back – 800-867-3104 extension 48751. Return my phone call here, uh, Gary be sure you are referring to the number here, uh, 27637496. Call me back I will be in my office here until 10 o'clock pm Eastern Time tonight. Thank you and you have a good day."

41. 1-800-867-3104 is one of the Defendant's telephone numbers.

42. 27637496 is the Defendant's reference number for the Account.

43. This voicemail message was an attempt to collect the Account.

44. This voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

45. This voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

46. This voicemail message does not state that the communication is from a debt collector.

47. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

48. This voicemail message does not meaningfully disclose the caller's identity.

49. The Defendant's representative, Eric, did not state that he was calling from the Defendant during the voicemail message.

50. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

51. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

52. The Defendant was not acquiring location information on the Plaintiff during this voicemail message.

53. The Defendant left this voicemail message for the Plaintiff.

54. The Defendant did not leave this voicemail message for a person other than the Plaintiff.

55. Eric was an employee of the Defendant at the time this message was left for the Plaintiff.

56. Eric was an agent for the Defendant at the time this message was left for the Plaintiff.

57. Eric was acting within the course of his employment with the Defendant at the time this message was left for the Plaintiff.

58. Eric was acting within the scope of his employment with the Defendant at the time this message was left for the Plaintiff.

59. Eric was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

60. Eric was under the control of the Defendant at the time this message was left for the Plaintiff.

61. Eric's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.

62. Upon information and belief the recording device used by the Defendant was capable of taping the voicemail message.

63. Upon information and belief the operator of the recording device at the Defendant was competent to operate it.

64. The recording device used by Plaintiff was capable of taping the voicemail message.

65. The operator of the recording device used by the Plaintiff was competent to operate it.

66. The recording of the voicemail message is authentic and correct.

67. Changes, additions, or deletions have not been made to the voicemail message.

68. The voicemail message recording has been preserved in a manner that will be shown to the Court.

69. The speaker in the voicemail message has been identified as Eric at the Defendant.

70. The voicemail message was made voluntarily without any kind of inducement.

71. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Eric at the Defendant.

72. The voicemail message is a business record of the Defendant.

73. Upon information and belief the Defendant made audio recording(s) of the voicemail message left for the Plaintiff by Eric at the Defendant on or about May 20, 2010 at or around 9:20 am Mountain Standard Time.

74. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of the voicemail message left for the Plaintiff by Eric at the Defendant on or about May 20, 2010 at or around 9:20 am Mountain Standard Time.

75. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

76. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

77. Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

78. Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

79. Upon information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

80. Upon information and belief the Defendant has a copy or copies of all of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

81. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

82. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(6).

83. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(10) and e(11).

84. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

85. The Defendant's statement(s) and action(s) as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

86. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

87. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

88. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

89. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

90. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

91. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

92. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

93. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

94. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

95. The previous paragraphs are incorporated into this Count as if set forth in full.

96. The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute violations of the FDCPA, including but not limited to § 1692d preface, d(6), § 1692e preface, e(2)(A), e(10), e(11) and § 1692f preface.

97. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        _s/ David M. Larson_____
        David M. Larson, Esq.
        405 S. Cascade Avenue, Suite 305
        Colorado Springs, CO 80903
        (719) 473-0006
        Attorney for the Plaintiff