## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-00074-RPM-MJW

GARY HALLIBURTON,

Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,
An Ohio corporation,

Defendant.

---

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1)

---

COMES NOW, United Collection Bureau (the "Defendant"), by and through its counsel of record, and in support of its Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), states as follows:

### Certificate of Conferral:

The undersigned hereby certifies that he has conferred with counsel for Plaintiff regarding the relief requested herein.  Plaintiff's counsel indicated that he opposes Defendant's Motion.

### I.     INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (the "FDCPA"), by allegedly making inappropriate telephone calls to Plaintiff. Specifically, Plaintiff alleges that Defendant: 1) "…represented to the Plaintiff that he could not dispute the Account with the Defendant and that he had to dispute the Account with Verizon Wireless;" 2) "…represented to the Plaintiff that it was too late to dispute the Account and that

he could not dispute the Account;" and 3) "…left voicemail message(s) for the Plaintiff that did not contain the information required by 1692d(6) and/or 1692e(11).[1]"   See, Plaintiff's Complaint, ¶¶ 34, 36, and 38.  In response, on February 2, 2011, Defendant filed an Answer denying the substantive allegations of Plaintiff's Complaint and asserting various affirmative defenses, including the bona fide error defense codified at 15 U.S.C. §1692k(c).

Prior to filing the Answer, on January 28, 2011, Defendant served an Offer of Judgment pursuant to Fed.R.Civ.P. 68 in the amount of One Thousand One Dollars ($1,001.00) plus reasonable costs and attorneys' fees accrued to the date of the offer.  See, **Exhibit A**, attached hereto.  Plaintiff did not respond to Defendant's Offer of Judgment.  Since the filing of Plaintiff's Complaint, Plaintiff has withdrawn actual damages and is now only seeking statutory damages. See, **Exhibit B**, Plaintiff's Initial Disclosures, part C; Scheduling Order, Docket No. 11, part 5.

As set forth below, Plaintiff's Complaint should be dismissed because there is no longer a case or controversy before the Court.  Plaintiff withdrew his claims for actual damages, leaving only a claim for statutory damages.  Plaintiff rejected Defendant's Offer of Judgment, an offer in excess of the maximum recoverable statutory damages under the FDCPA, plus all reasonable attorney's fees and costs incurred through the date of the Offer of Judgment.  Therefore, Plaintiff no longer has a cognizable legal interest in the outcome of this case.  Accordingly, pursuant to Fed.R.Civ.P. 12(b)(1), Defendant respectfully requests that this Court dismiss Plaintiff's FDCPA claims and enter judgment in favor of Defendant as there is no longer a case or controversy before the Court.

---

[1] Plaintiff's claims under 15 U.S.C. §§ 1692d(6) and/or 1692e(11) are barred due to a class action settlement in the Eastern District of New York, styled as _Gravina, et. al. v. United Collection Bureau, et. all_, 09-cv-4816.  The undersigned has conferred with counsel for Plaintiff, David Larson, regarding the dismissal of these claims.  Mr. Larson indicated that he agrees that he cannot pursue these claims at trial, but believes that he may still offer the alleged violations of these provision of the FDCPA in order to establish damages in this case under the "frequency & persistence of noncompliance" provision set forth in 15 U.S.C. § 1692k(b).  The undersigned disagrees with this position.  However, for purposes of this motion, this disagreement is not an issue.

## II.     FED.R.CIV.P. 12(b)(1) STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  In general, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes on two forms: a "facial attack" on the complaint's allegations in which the Court must accept the allegations as true, and a "factual attack," in which the Court has wide discretion to review matters outside the pleadings to resolve jurisdictional facts. Holt v. U.S., 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted).  In the instant case, Defendant proffers this motion as a "factual attack" with respect to subject matter jurisdiction.

When making a Rule 12(b)(1) "factual attack," a party may rely on affidavits or other evidence properly before the court.  See, New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995); Holt, 46 F.3d at 1003.  A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). Id.  In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion. Id. (citing to Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir. 1987), cert. denied, 484 U.S. 986 (1987)). Where, however, the court determines that jurisdictional issues raised in a Rule12 (b)(1) motion are intertwined with the case's merits, the court should resolve the motion under either Rule 12(b)(6) or Rule 56. See, Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1129 (10th Cir. 1999), cert. denied, 528 U.S. 964 (1999); Tippet v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997).  In this case, Defendant's Motion is not "intertwined with the merits of the case" and therefore the Court has wide discretion to allow other documents and an evidentiary hearing if necessary.

### III.    There is No Case or Controversy in Existence Between the Parties.

Pursuant to Article III of the United States Constitution, the jurisdiction of federal courts extends only to "actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 470 (1990).   A case will be rendered moot if the issues are "no longer live or the parties lack a legally cognizable interest in the outcome." Citizens for the Responsible Government State PAC v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 200)(citations omitted).   In order to sustain jurisdiction, "[t]he parties must continue to have a personal stake in the outcome throughout the case." Id. at 1182.

Pursuant to Fed. R. Civ. P. 68, a defendant may serve upon an adverse party an offer to allow judgment to be entered in favor of Plaintiff.  The purpose of Rule 68 is to encourage early settlements of litigation and to protect the party who is willing to settle from the burden of costs which subsequently accrue. Marek v. Chesny, 473 U.S. 1, 5, 105 S. Ct. 3012, 3014 (1985); Staffend v. Lake Central Airlines, Inc., 47 F.R.D. 218, 19 (N.D. Ohio 1969). An offer to completely satisfy a plaintiff's claim will generally moot the claims, as the plaintiff retains no legal interest in the outcome.  See, Weiss v. Regal Collections, 385 F.3d 337 (3rd Cir. 2004); Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991)("once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate…and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake."); Murphy v. Equifax Check Servs., Inc., 35 F. Supp. 2d 200, 203 (D. Conn. 1999); See also, Clark v. State Farm Mutual Automobile Ins., Co., 590 F. 3d 1134, 1141 (10th Cir. 2009)(discussing mootness doctrine in the context of class actions); Reed v. Heckler, 756 F.2d 779, 784 (10th Cir. 1985)(same); In Re Standard Metals Corp., 817 F.2d 625, 629 (10th Cir. 1987)(same).

The FDCPA provides for recovery of "any actual damages sustained" as a result of any proven violations of the FDCPA, as well as "such additional damages as the court may allow, but not exceeding $1,000," and "the costs of the action, together with a reasonable attorney's fee determined by the court." 15 USC § 1692k(a)(1), (2)(A), (3). Plaintiff has withdrawn his request for actual damages. See, **Exhibit B**, Plaintiff's Initial Disclosures, part C; Scheduling Order, Docket No. 11, part 5. The Defendant's Rule 68 Offer of Judgment was in the amount of One Thousand One Dollars ($1,001.00), in addition to costs and reasonable attorney's fees. See, **Exhibit A**. Accordingly, Defendant's Offer of Judgment is in excess of the maximum allowed recovery Plaintiff can even hope to obtain under the FDCPA. Because Plaintiff has been offered in excess of the maximum recoverable damages under the FDCPA, there is no ongoing controversy with Defendant, and, accordingly, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction

## IV.    CONCLUSION

As set forth above, Defendant has satisfied Plaintiff's FDCPA claim via the Offer of Judgment that Plaintiff rejected. As Plaintiff cannot possibly recover more than the Offer of Judgment, Plaintiff's claims have been rendered moot. Accordingly, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

WHEREFORE, Defendant respectfully prays that Plaintiff's Complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) with prejudice, that Defendant be awarded its attorneys' fees, that Defendant be awarded its costs incurred since the date of the Offer of Judgment, and for such other relief as the Court deems proper.

DATED this 11th day of April, 2011.

Respectfully submitted,

Adam L. Plotkin, P.C.

/s/Steven J. Wienczkowski

By: _____

Steven J. Wienczkowski, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 382-0528
FAX: (303) 302-6864
swienczkowski@alp-pc.com
Attorneys for Defendant

### Certificate of Service

I hereby certify that on April 11, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

larsonlawoffice@gmail.com

/s/Steven J. Wienczkowski

By: _____

Steven J. Wienczkowski, Esq.