IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00074-RPM-MJW

GARY HALLIBURTON,

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC., an Ohio corporation,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(1)**

---

COMES NOW the Plaintiff, by and through his counsel, David M. Larson, and hereby files this Response to the Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1). In support of this motion, the Plaintiff states as follows:

**STATEMENT OF ISSUES FOR THE COURT'S DETERMINATION**

The issues for the Court to determine as a result of the Defendant's Motion is whether the Defendant's Fed.R.Civ.P. 68 Offer of Judgment tendered to the Plaintiff in the amount of $1,001.00 plus costs and reasonable attorneys' fees **now accrued** (emphasis added) was the maximum amount that the Plaintiff could recover under the FDCPA in light of the fact that the Plaintiff is seeking $1,000.00 in statutory damages, reasonable attorney's fees and costs in this case and accordingly whether the Defendant's Offer of Judgment mooted the Plaintiff's FDCPA claim and the Court no longer has Subject Matter Jurisdiction over the Plaintiff's FDCPA claim, the Plaintiff's sole claim in this action.

## ARGUMENT

The Defendant's Fed.R.Civ.P. 68 Offer of Judgment was not an offer of judgment in the maximum amount that the Plaintiff could recover under the FDCPA and does not moot the Plaintiff's FDCPA claim or relieve this Court of Subject Matter Jurisdiction because the Defendant's Offer of Judgment limited attorney's fees to those **"now accrued"** (emphasis added) as of the date of the Offer of Judgment.

The Defendant provides no caselaw or authority to the Court to support its argument that a Fed.R.Civ.P. 68 Offer of Judgment that limits attorney's fees to those "now accrued" at the time of the Offer of Judgment has been found to be a Offer of Judgment in the maximum amount that the consumer could recover and that the Offer of Judgment mooted the consumer's FDCPA claim in a case where the Defendant has offered the maximum damages (statutory and/or actual) sought by the Plaintiff as well as costs and attorney fees "now accrued" or incurred as of the date of the Offer of Judgment.

The exact argument made by the Defendant in this case has been addressed and rejected by other Federal Courts in FDCPA cases. The Plaintiff has been unable to locate any Court that has adopted the argument adopted by the Defendant in this action.

In <u>Andrews v. Professional Bureau of Collections of Maryland, Inc.</u>, 270 F.R.D. 205 (M.D.PA 2010) the Court addressed this exact issue and found that the Defendant's Offer of Judgment in that case that offered the maximum amount of damages sought by <u>Andrews</u> plus reasonable costs and attorney fees

"accrued as of the date of the offer" was not an offer of judgment in the maximum amount that Andrews could recover under the FDCPA and did not moot Andrews claim.

The Andrews case like in the instant case Andrews' initial disclosures sought statutory damages, plus costs and attorney's fees. Andrews at 206. Like in the instant case in Andrews the Defendant served a Fed.R.Civ.P. 68 Offer of Judgment on Andrews for the maximum amount of statutory damages plus "reasonable costs and reasonable attorney fees now accrued." Andrews at 206.

The Court in Andrews discusses two other FDCPA cases that addressed this same issue raised by the Defendant and found that Fed.R.Civ.P. 68 Offers of Judgment that limit attorney's fees to those as of to the date of the offer were not maximum offers of relief that divested the Court of jurisdiction.

The Court in Andrews addressed McKenna v. Nat'l Action Fin. Servs., 2008 WL 2389016, 2008 U.S. Dist. LEXIS 45515 (S.D.FL. 2008) which held that a similar offer limiting "reasonable attorney's fees and costs 'as of the date of the offer," did not satisfy the entire claim. Andrews at 206-207.

The Court in Andrews addressed Queen v. Nationwide Credit, Inc., 2010 WL 4006676, 2010 U.S. Dist. LEXIS 108501 (N.D.IL. 2010) which held that "an offer of judgment to settle a FDCPA claim that limited the recovery of attorney's fees to those incurred up to the date of the offer would potentially have limited the plaintiffs' recovery to less than their full statutory entitlement and rejection of said offer did not divest the Court of jurisdiction." Andrews at 207.

The Court in <u>Andrews</u> addressed <u>Laskowski v. Buhay</u>, 192 F.R.D. 480 (M.D.PA. 2000) which held that "a civil rights plaintiff's statutory rights to attorney's fees 'may be voluntarily bargained away by the party so entitled, [but] may not be assumed away by the party opposing their enforcement.' " <u>Andrews</u> at 207.

The Court in <u>Andrews</u> addressed the U.S. Supreme Court's holding in <u>Marek v. Chesny</u>, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) where the Court in discussing Fed.R.Civ.P. 68 Offers of Judgment held that " 'costs' includes attorney's fees only if fees are defined as costs under the relevant substantive statute or authority upon which the suit is premised." <u>Andrews</u> at 207.

The Court in <u>Andrews</u> addressed the specific language of the FDCPA which distinguishes costs from attorney's fees and held that "fees are not subject to the cost-shifting provision of Rule 68 and reliance thereupon is misplaced. <u>Andrews</u> at 207.

The Court in <u>Andrews</u> addressed <u>Valencia v. Affiliated Group, Inc.</u>, 674 F.Supp.2d 1300 (S.D.FL. 2009) which concluded that "where the FDCPA attorney's fee provision explicitly distinguishes attorney's fees from awardable "costs," Rule 68 does not preclude Plaintiff from recovering attorney's fees incurred after the date of the Offer". <u>Andrews</u> at 207.

The Court in <u>Andrews</u> addressed the specific statutory language of the FDCPA and stated that the FDCPA "provides that a defendant who fails to comply with the Act is liable for "the costs of the action, together with a

reasonable attorney's fee as determined by the court." <u>Andrews</u> at 207-208 citing 15 U.S.C. § 1692k(a)(2).

The Court in <u>Andrews</u> addressed <u>Norton v. Wilshire Credit Corp.</u>, 36 F.Supp.2d 216 (D.N.J. 1999) and <u>Hensley v. Berks Credit & Collections</u>, 1997 WL 725367, 1997 U.S. Dist. LEXIS 18220 (E.D.PA.1997) which hold that "[p]revailing parties may also collect reasonable attorney's fees for the time spent preparing the fee petition."

The Court in <u>Andrews</u> held "it is not unreasonable to assume that counsel may accrue additional fees after the offer is accepted, for example, those associated with collecting and distributing the settlement check to his client. Although Plaintiff could chose to negotiate away his right to attorney's fees, such a decision cannot be forced upon him." <u>Andrews</u> at 208.

The Court in <u>Andrews</u> concluded:

> An award of reasonable attorney's fees, which may include fees for time that counsel spend preparing a fee petition, is mandatory under the FDCPA. The Act specifically distinguishes attorney's fees from costs; thus the cost shifting provisions of Rule 68 do not apply. While a Plaintiff can agree to bargain away a fee award, his refusal to do so does not render the claim moot. Here, by cutting off the date upon which attorney's fees may accrue, Defendant's offer of judgment did not provide for full relief under the FDCPA and the motion for summary judgment will be denied.

<u>Andrews</u> at 208.

Federal Courts have held that a prevailing plaintiff in a fee-shifting case is entitled to an award of reasonable attorney's fees and related expenses incurred in attempting to collect a judgment. <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); <u>Vukadinovich v. McCarthy</u>, 59 F.3d 58, 60-61 (7th Cir. 1995); <u>Argento v. Village</u>

5

of Melrose Park, 838 F.2d 1483, 1495 (7th Cir. 1988). As the Honorable Judge Posner stated, "the entry of judgment is not the end of the litigation; in this case, it may not even be the beginning of the end. It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." Free v. Briody, 793 F.2d 807, 809 (7th Cir. 1986). "Any other approach would defeat the Congressional purpose in awarding fees by diluting an award of fees by the possible costs imposed on attorneys for extensive uncompensated litigation to secure their fees." Balark v. Curtin, 655 F.2d 798, 803 (7th Cir. 1981).

State and Federal Courts addressing awarding fees for work done after the Entry of Judgment on FDCPA cases have held that "Reasonable attorney fees arising from work done after the entry of judgment by a court, in an effort to protect a judgment, or enforce a court decree, are compensable under fee shifting statutes." Smith v. Law Offices of Mitchell N. Kay, 762 F.Supp 82, 85 (D.Del 1991). Also see Nunez v. Interstate Corporate Systems, Inc., 799 P.2d 30 (Ariz. App. 1990).

None of the cases cited by the Defendant hold that an Offer of Judgment which limits costs and attorney's fees to those "now accrued" as stated in the Defendant's Offer of Judgment is a full offer of relief that moots the Plaintiff's FDCPA claim.

The Defendant provides no caselaw or authority for its argument that the Defendant gets to decide when to cut off the Plaintiff's reasonable attorney fees.

6

This argument is contrary to the plain language of the FDCPA which states in part: "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The FDCPA is clear that the Court determines the reasonable attorney's fee. The FDCPA does not say a reasonable attorney's fee as determined by the Defendant.

The Defendant provides no caselaw or authority to support its argument that the Plaintiff should not receive attorney's fees for work performed after receipt of the Offer of Judgment including discussing the Offer of Judgment with the client, filing the Notice of Acceptance of the Offer of Judgment with the Court, conferring with opposing counsel on taxable costs and preparing and filing the proposed Taxation of Costs with the Court, conferring with opposing counsel and preparing and filing the Motion for Attorney Fees with the Court or for efforts taken to collect the judgment.

An important policy consideration for the Court to consider is that if a Plaintiff is required to accept an Offer of Judgment that limits attorney's fees to those now accrued as of the date of the Offer of Judgment this encourages Defendants making the Offers of Judgment to refuse to negotiate in good faith / confer with Plaintiff's counsel regarding attorney's fees (that they have offered in the Offers of Judgment) and encourages the Defendant to offer little or nothing to Plaintiffs for attorney's fees and provides no disincentive not to litigate the Plaintiff's attorney's fees as the Defendant can force Plaintiff's counsel to work

for free preparing and filing the Motion for Attorney's Fees and reviewing the Defendant's response and preparing and filing the Plaintiff's reply to the Defendant's response and dilute the attorney fees that Plaintiff can eventually recover via litigation. This is contrary to the purpose and plain language of the FDCPA.

**CONCLUSION**

This Court applying the well reasoned discussion and conclusion of the Court in <u>Andrews</u> and the other cases cited in <u>Andrews</u> and cited above by the Plaintiff should deny the Defendant's Motion on the basis that the Defendant's Fed.R.Civ.P. 68 Offer of Judgment did not provide for the full relief requested by the Plaintiff under the FDCPA as it limited Plaintiff's attorney fees to those "now accrued" and that the Defendant's Fed.R.Civ.P. 68 Offer of Judgment does not render the Plaintiff's FDCPA claim moot and divest the Court of Subject Matter Jurisdiction in this action.

RESPECTFULLY submitted this 28th day of April, 2011.

    _s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 28th day of April, 2011, I filed the foregoing Response to the Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) with the Clerk of the Court's CM-ECF System which will send notice of this filing to the following email addresses:

swienczkowski@alp-pc.com

                                                ____s/ David M. Larson_____

9