**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-00074-RPM-MJW

GARY HALLIBURTON,

Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,
An Ohio corporation,

Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1)**

---

COMES NOW, United Collection Bureau (the "Defendant"), by and through its counsel of record, and submits the following Reply in Support of Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1):

## I. INTRODUCTION

Plaintiff does not dispute that Defendant has offered Plaintiff in excess of any damages he may recover at trial. Plaintiff's sole contention in his Response is that the language in Defendant's Offer of Judgment, which offered Plaintiff his costs and attorneys' fees "now accrued," did not offer Plaintiff the full amount of attorneys' fees that Plaintiff may have incurred after the Offer of Judgment, such as petitioning the Court for attorneys' fees if no agreement would have been reached as to fees and costs. See, Response, p. 7-8.[1] Defendant's

[1] As an initial matter, it should be noted that Plaintiff's counsel previously raised this argument in a case heard by this Court last year. In Marx v. General Revenue Corporation, 08-cv-2243-RPM-CBS, Plaintiff's counsel argued that post-trial costs should not be awarded, *inter alia*, because the defendant's Fed.R.Civ.P. 68 Offer of Judgment

Offer of Judgment specifically stated that if the parties could not agree upon the fees and costs to be added to the judgment, that the Court would decide the issue upon motion. See, **Exhibit A**, attached to Defendant's Motion. Accordingly, Plaintiff's argument that this case has not been rendered moot is based purely on the ***hypothetical*** scenario that the parties would not have been able to agree on the amount of attorneys' fees and costs that Plaintiff should have been awarded, and would have therefore required Plaintiff to file a motion with the Court.

While Plaintiff cites a few decisions from district courts in other circuits which have found that an offer of judgment which offers attorneys' fees up to a date certain as insufficient to moot a claim, there are numerous district court decisions which have reach the opposite conclusion. Further, Plaintiff's arguments, and the cases upon which he relies in his Response, run afoul of the fundamental principles of Article III's "case or controversy" requirements, and also raise ethical concerns with respect to a potential conflict of interest between Plaintiff and his counsel. Accordingly, Defendant requests that its motion be granted and Plaintiff's complaint be dismissed as moot.

## II. ARGUMENT

### A. Defendant's Offer of Judgment is Valid.

In support of his argument, Plaintiff relies upon a few district court decisions from other circuits, primarily: Mckenna v. National Action Financial Services, Inc., 2008 U.S. Dist. LEXIS 45515 (S.D.Fla. 2008); Queen v. Nationwide Credit, Inc., 2010 U.S. Dist. LEXIS 108501 (N.D. Ill. 2010); and Andrews v. Prof'l Bureau of Collections of Maryland, 270 F.R.D. 205 (M.D. Pa. 2010). These decisions are not binding precedent upon this Court, and Plaintiff fails to cite any circuit authority for the proposition that Defendant's Offer of Judgment is not valid for purposes

---

offered attorneys' fees "now accrued," rather than leaving the offer with respect to fees open-ended. See, 08-cv-2243, Docket No. 80. This Court rejected Plaintiff's arguments, and awarded costs to the defendant pursuant to Rule 54(d) as well as pursuant to the defendant's Rule 68 Offer of Judgment. Id., Docket No. 82.

of rendering this case moot. Moreover, while Plaintiff states that he "…has been unable to locate any Court that has adopted the argument adopted by Defendant in this action" (Plaintiff's Response, P. 2), he apparently has not looked hard enough. There are numerous district court decisions which have found an Offer of Judgment which offers attorneys' fees up to the date of the offer as sufficient for purposes of rendering a case moot. See, e.g., Greif v. Wilson, Elser, Moskowitz, Edelman Dicker, LLP, 258 F. Supp. 2d 157, 159-61 (E.D.N.Y. 2003)(in FDCPA case, dismissing case as moot due to the defendant's Rule 68 offer of judgment which offered $1,000, plus costs and "attorneys' fees incurred by the plaintiff to the date of the offer."); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)(same); Lomas v. Emergency Medical Billing, LLC, 2008 U.S. Dist. LEXIS 65480, *3 (D. Utah Aug. 25, 2008)(dismissing putative class action as moot where the Rule 68 offer included monetary amount plus "reasonable attorney's fees incurred in prosecuting the case…through the date of the Rule 68 offer.").

Offering attorneys' fees up to the date the Rule 68 offer is tendered is entirely consistent with the plain language of Rule 68, which states, in pertinent part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment **on specified terms, with the costs then accrued…**

Fed.R.Civ.P. 68 (emphasis added). Accordingly, by its plain language, Rule 68 contemplates both "specified terms" and a cut-off of the date that costs may be incurred. Defendant's Offer of Judgment tracks with the plain language of Rule 68, and also provides that if the parties are unable to agree on fees and costs that they would be determined by the Court upon motion. See, **Exhibit A**, attached to Defendant's Motion.

**B. Only Plaintiff's Counsel has a Personal Stake in this Case.**

While Defendant's Offer of Judgment provides for a specified mechanism to resolve any dispute over attorneys' fees, Plaintiff purports to maintain a cognizable interest in the outcome of this case based solely upon a ***hypothetical*** dispute over such fees. It is axiomatic that, in order to maintain jurisdiction "**…the parties** must continue to have a personal stake in the outcome" of a case. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)(emphasis added). The purpose of the "personal stake" requirement is:

> … to assure that the case is in a form capable of judicial resolution. The imperatives of a dispute capable of judicial resolution are sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions.

United States Parole Comm v. Geraghty, 445 U.S. 326, 403 (1980).

In the case at bar, Plaintiff's position after the Offer of Judgment expired is undeniable; at that point, his best case scenario in vigorously prosecuting this case would be to recover one dollar less if he proceeded to trial and prevailed. Plaintiff would apparently press forward with litigation all because of a ***hypothetical*** dispute over how much his attorney would have received had the Offer of Judgment been accepted. However, as the Supreme Court has stated: " 'an interest in attorney's fees is…insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 107 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990)). Where, as here, "…the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary

judicial pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs." Lewis, 494 U.S. at 413.

The failure to accept an offer of judgment for the entire amount being sought has been equated to a default judgment. See, Greisz v. Household Bank, NA, 176 F.3d 1012 (7th Cir. 1999). As Judge Posner explained in Greisz:

> You cannot persist in suing after you've won. Lawyer Longo may have thought that he had something to gain by pressing on--additional attorney's fees. But if that is what he thought, he was mistaken. Once a party has won his suit and obtained the attorney's fees that were reasonably expended on winning, additional attorney's fees would not be *reasonably* incurred. So by spurning the defendant's offer, Longo shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them, and Greisz lost $ 1,200.

Id. at 1015 (italics in original); See also, Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991)("once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate…and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake.").

If Plaintiff is permitted to proceed in this case, the inevitable waste in judicial and financial resources cannot be over-stated. The parties will in all likelihood undertake written discovery and take depositions, and the parties may need to involve the Court should any discovery disputes arise. The parties also might file dispositive motions relating to the Plaintiff's claims, which would of course also necessitate the Court's involvement. The Court will preside over a Final Pre-Trial Conference and any other pre-trial proceedings. Defendant, as a company operating outside the State of Colorado, will need to expend the costs associated with bringing its witnesses to Colorado for trial. A jury will be empaneled, and the parties will spend two to three days of Court time, jury time, and attorney time presenting evidence regarding Plaintiff's claims

in this case. Defendant submits that such an outcome over a ***hypothetical*** issue with respect to the amount of attorney's fees Plaintiff's counsel would have received had the Offer of Judgment been accepted runs afoul of the personal stake requirement underlying Article III and fosters unnecessary litigation. As one court has observed:

> Plaintiffs cannot deny an offer which fully satisfies their claims and then maintain that they still have a personal stake in the outcome of the lawsuit. Such an assertion….needlessly prolongs litigation that was designed to effect the very result that Plaintiffs denied when they rejected the offer of judgment. As a policy matter, allowing Plaintiffs' claim to go forward in spite of the fact that they have been offered all of the relief they sought in their complaint only encourages needless litigation to amass attorney's fees.

Dellarussiani v. Ed Donnelly Enterprises, Inc., 2007 U.S. Dist. LEXIS 76385, at *17 (S.D. Ohio Oct. 15, 2007).

In addition, allowing Plaintiff's claim to go forward would undermine Rule 68's purpose to encourage early settlements of litigation and to protect the party who is willing to settle from the burden of costs which subsequently accrue. Marek v. Chesny, 473 U.S. 1, 5, 105 S. Ct. 3012, 3014 (1985); Staffend v. Lake Central Airlines, Inc., 47 F.R.D. 218, 19 (N.D. Ohio 1969).

In his Response, Plaintiff portends the perceived consequences in allowing Defendant's Offer of Judgment to moot Plaintiff's claims:

> …if a Plaintiff is required to accept an Offer of Judgment that limits attorney's fees to those now accrued as of the date of the Offer of Judgment this encourages Defendants making the Offers of Judgment to refuse to negotiate in good faith/confer with Plaintiff's counsel regarding attorney's fees (that they have offered in the Offers of Judgment) and encourages the Defendant to offer little or nothing to Plaintiffs for attorney's fees as the Defendant can force Plaintiff's counsel to work for free preparing and filing the Motion for Attorney's Fees and reviewing the Defendant's response and preparing and filing the Plaintiff's reply to the Defendant's response

> and dilute the attorney fees that Plaintiff can eventually recover via litigation.

*Plaintiff's Response*, P. 7-8.

First, Plaintiff's fear about a defendant having an incentive to not negotiate a dispute over attorney's fees in good faith has absolutely no basis in theory or in practice. Defendant has just as much incentive as Plaintiff to resolve issues over attorneys' fees, as protracted disputes over attorneys' fees are just as costly for a defendant as it is for a plaintiff. In fact, disputes over attorneys' fees are far more costly for a defendant who is paying a lawyer an hourly rate, as opposed to a contingent fee plaintiff who stands to lose nothing from a fee dispute[2]. More importantly, though, it completely ignores the general rule that a party's "personal stake" in a case must be more than an interest in attorneys' fees.

Plaintiff's position raises serious ethical implications if the attorneys' fee award is elevated above the client's interest. Plaintiff effectively admits in his response that the <u>only</u> interest considered in spurning the Offer of Judgment was that of his attorney. This is especially concerning if, as is customary in FDCPA cases, Plaintiff's counsel is working on a contingency basis. If this case is not deemed moot, it is difficult to comprehend how a conflict of interest between Plaintiff and his counsel can be avoided. Plaintiff would have no interest in pressing forward with litigation to, in the best case scenario, receive less than he would have received via the Offer of Judgment. On the other hand, Plaintiff's counsel has every incentive to press forward in order to amass additional attorneys' fees which Plaintiff's counsel will claim if Plaintiff prevails at trial.

---

[2] Once again, the concern stated in Plaintiff's Response is a concern of Plaintiff's counsel over his own fees, not a concern of Plaintiff himself.

## III. CONCLUSION

Defendant has satisfied Plaintiff's FDCPA claim via the Offer of Judgment that Plaintiff rejected. As Plaintiff cannot possibly recover more than the Offer of Judgment, Plaintiff's claims have been rendered moot. The fact that Defendant's Offer of Judgment offered attorneys' fees "now accrued" does not alter this fact. In order to have a personal stake in the outcome as required under Article III, Plaintiff's interest in this case must be more than a hypothetical dispute over attorneys' fees. Accordingly, Defendant requests that its motion be granted and Plaintiff's complaint be dismissed as moot.

DATED this 12th day of May, 2011.

Respectfully submitted,

Adam L. Plotkin, P.C.

By: /s/Steven J. Wienczkowski
______________________________

Steven J. Wienczkowski, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 382-0528
FAX: (303) 302-6864
swienczkowski@alp-pc.com
Attorneys for Defendant

**Certificate of Service**

I hereby certify that on May 12, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

larsonlawoffice@gmail.com

By: /s/Steven J. Wienczkowski
______________________________
Steven J. Wienczkowski, Esq.