IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-00074-RPM-MJW

GARY HALLIBURTON,

Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)
(DOCKET NO. 14)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

        This matter is before the court on Defendant's Motion to Dismiss Pursuant to

Fed. R. Civ. P. 12(b)(1) (docket no. 14).  The court has reviewed the subject motion

(docket no. 14), the response (docket no. 15), and the reply (docket no. 19).  In addition,

the court has taken judicial notice of the court file and has considered applicable

Federal Rules of Civil Procedure and case law.  The court now being fully informed

makes the following findings of fact, conclusions of law, and Recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    The court finds:

        1.      That I have jurisdiction over the subject matter and over the parties

                to this lawsuit;

2

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to

be heard;

4.      That Rule 12(b)(1):

> empowers a court to dismiss a Complaint for "lack of
> jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).
> As courts of limited jurisdiction, federal courts may only
> adjudicate cases that the Constitution and Congress have
> granted them authority to hear. *See* U.S. CONST. art. III, §
> 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.
> 1994). Statutes conferring jurisdiction on federal courts are
> to be strictly construed. *See F & S Constr. Co. v. Jensen*,
> 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion
> to dismiss "must be determined from the allegations of fact in
> the complaint, without regard to mere conclusionary
> allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d
> 674, 677 (10th Cir. 1971). The burden of establishing subject
> matter jurisdiction is on the party asserting jurisdiction. *See
> Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th
> Cir. 1974).
>
> Motions to dismiss pursuant to Rule 12(b)(1) may take two
> forms. First, if a party attacks the facial sufficiency of the
> complaint, the court must accept the allegations of the
> complaint as true. *See Holt v. United States*, 46 F.3d 1000,
> 1002-03 (10th Cir. 1995). Second, if a party attacks the
> factual assertions regarding subject matter jurisdiction
> through affidavits and other documents, the court may make
> its own findings of fact. *See id.* at 1003. A court's
> consideration of evidence outside the pleadings will not
> convert the the motion to dismiss to a motion for summary
> judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp.,

176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001);

5.      That "Article III of the Constitution requires that the federal courts

render decisions only where there is a live case or controversy

3

between the parties.  U.S. Const. Art. III, § 2." <u>Lucero v. Bureau of</u>

<u>Collection Recovery, Inc.</u>, 639 F.3d 1239, 1242 (10th Cir. 2011).

"[M]ootness has two aspects: 'when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the

outcome.'" <u>U.S. Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396

(1980) (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)).

"For this reason, although a case may present issues apparently

primed for resolution, it is moot in the absence of 'self-interested

parties vigorously advocating opposing positions.'" <u>Lucero</u>, 639

F.3d at 1242 (quoting <u>Geraghty</u>, 445 U.S. at 403);

6.     That on January 28, 2011, Defendant served an Offer of Judgment

       pursuant to Fed. R. Civ. P. 68 on Plaintiff in the amount of

       $1,001.00 *plus reasonable costs and attorney fees accrued to the*

       *date of the offer*.  See exhibit A attached to subject motion (docket

       no. 14) (emphasis added);

7.     That Plaintiff did not respond to Defendant's Offer of Judgment

       within 14 days for service of such Offer of Judgment, and under

       Rule 68 such Offer of Judgment is deemed rejected and withdrawn;

8.     That Plaintiff was initially seeking actual damages under the Fair

       Debt Collections Act ("FDCPA") plus reasonable attorney fees and

       costs.  See original Complaint (docket no. 1).  However, on April 1,

       2011, which was after the Defendant's Offer of Judgment was

       served upon Plaintiff and not accepted, the Plaintiff withdrew his

4

request for actual damages and decided to only seek statutory

damages under the FDCPA.  See exhibit B attached to the subject

motion (docket no. 14) as Plaintiff's Initial Disclosures, part C;

Scheduling Order (docket no. 11) part 5;

9.     That the FDCPA, 15 U.S.C. § 1692, forbids harassment, abuse or

the use of misleading conduct in connection with debt collection, 15

U.S.C. §§ 1692c-f, and provides an array of civil remedies for those

who are aggrieved by deceptive or intimidating debt collection

practices.  Specifically, the FDCPA provides that:

> [A]ny debt collector who fails to comply with any provision of
> [the FDCPA] with respect to any person is liable to such
> person in an amount equal to the sum of -
>
> (1)     any actual damage sustained by such person as a
>           result of such failure;
>
> (2)(A) in the case of any action by an individual, such
>           additional damages as the court may allow, but not
>           exceeding $1,000; . . . and
>
> (3)     in the case of any successful action to enforce the
>           foregoing liability, the costs of the action, together
>           with a reasonable attorney's fee as determined by the
>           court.  On a finding by the court that an action under
>           this section was brought in bad faith and for the
>           purpose of harassment, the court may award to the
>           defendant attorney's fees reasonable in relation to the
>           work expended and costs.

See 15 U.S.C. § 1692k(a).

The Act authorizes a prevailing party to recover "the costs of the

action."  15 U.S.C. § 1692k(a)(3).  These costs typically include

filing and service fees and expenses, as well as reasonable

postage expenses associated with the litigation.  See 28 U.S.C. §

1920(1)-(6), Gervais v. O'Connell, Harris & Assocs., Inc., 297 F.

Supp.2d 435 (D. Conn. 2003).


Moreover, the Act also permits the recovery of "a reasonable

attorney's fee as determined by the court."  See 15 U.S.C. §

1692k(a)(3).  Not only are attorney fees mandated by the FDCPA,

but "[p]revailing parties may also collect reasonable attorney fees

for the time spent preparing the fee petition."  Hensley v. Berks

Credit & Collections, Inc., 1997 WL 725367, *4 (E.D. Pa. Nov. 18,

1997); and

10.     That the court in Andrews v. Professional Bureau of Collections of

Maryland, Inc., 270 F.R.D. 205 (M.D. Penn. Nov. 9, 2010),

addressed the identical issue presented in the subject motion

(docket no. 14), namely, whether an offer of judgment under Fed.

R. Civ. P. 68 in the full amount of damages [i.e., statutory damages

under the FDCPA] plus reasonable costs and reasonable attorney's

fees *accrued as of the date of the offer* moots a FDCPA claim.


In the Andrews case, the consumer debtor [Andrews] brought a

cause of action to recover for a debt collector's alleged violation of

the provisions of the FDCPA, and the debt collector moved to

6

dismiss on the theory that its offer of judgment against it in the maximum amount of statutory damages allowed under the FDCPA mooted the debtor's cause of action.

The <u>Andrews</u> court found that debt collector's [Defendant's] offer of judgment against it in maximum amount of statutory damages allowed under the FDCPA, plus reasonable costs and attorney fees *"accrued as of the date of the offer,"* was not an offer of judgment in the maximum amount that consumer debtor [Plaintiff] could recover under the FDCPA and did not moot debtor's [Plaintiff's] cause of action.  By attempting to limit the debtor [Plaintiff] only to attorney fees incurred up until date of the offer of judgment, with no right to recover for time spent in preparing fee application, the debtor collector [Defendant] offered the consumer debtor [Plaintiff] less than full right to attorney fees available under the FDCPA.  See FDCPA, § 813(a)(2)(2, 3), 15 U.S.C. § 1692k(a)(2, 3); Fed. R. Civ. P. 68.

Accordingly, I find the legal analysis in the <u>Andrews</u> case is directly on point and compelling and should be followed by this court.

## RECOMMENDATION

7

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

      1.      That Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (docket no. 14) be **DENIED**; and

      2.      That each party shall pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

      Done this 2nd day of August 2011.

                                    BY THE COURT

                                      s/Michael J. Watanabe
                                      MICHAEL J. WATANABE
                                      U.S. MAGISTRATE JUDGE